REQUESTED BY: Don S. Blank, D.D.S. Chair, Board of Regents University of Nebraska
You have requested our opinion regarding application of the Nebraska Open Meetings Act, Neb. Rev. Stat. §§ 84-1407 TO 84-1414 (1999, Cum. Supp. 2002), to a proposed workshop scheduled by the Board of Regents of the University of Nebraska (the "Board") on October 28, 2004. Our response is set out below.
As we understand it from your opinion request, the Board proposes to hold its October workshop at Mahoney State Park. The workshop is an educational function for all members of the Board and the President of the University which will be conducted by Dr. Barbara Kaufman, President of ROI Consulting Group, Inc. of Rancho Mirage, California. Dr. Kaufman is a professional facilitator with over twenty years of experience in working with corporate and collegiate governing boards to assist members in gaining a better understanding of how to more effectively perform their board responsibilities. The workshop will be similar to workshops that are conducted on a regular basis and much larger scale for college and university board members at annual meetings of the Association of Governing Boards. You have provided us with a copy of the workshop agenda, and it includes the following agenda items:
1. Workshop Rules of Engagement.
 2. Dialogue with President Milliken and the Board. Observations Opportunities for Effective Governance and Management Challenges
 3. The Roles of the Board and President. Problem-solving and Decision-making Involvement in Long-range Planning
4. Examining the Board's Support and Information Needs.
 5. Identifying Effective Communication Practices Between the President and the Board.
6. Recap of Outcomes and Next Steps.
You have also represented to us that "[n]o briefing, discussion of public business, formation of tentative policy, vote, or taking of other action regarding any matter over which the Board has supervision, control, jurisdiction, or advisory power will be permitted" at the workshop. Based upon advice from the General Counsel to the University that the workshop is not subject to the Open Meetings Act, it is the Board's intention not to permit representatives of the news media to be present at the workshop. We also assume that the workshop will not be conducted in compliance with other aspects of the Open Meetings Act including publication of notice regarding the workshop, preparation of minutes and so forth. In light of those facts, you have asked us "whether the workshop will be lawful under the public meetings statutes, if it is conducted in the manner described?"
The Nebraska Open Meetings Act is a statutory commitment to openness in government. Wasikowski v. The Nebraska Quality Jobs Board,264 Neb. 403, 648 N.W.2d 756 (2002). It provides that citizens and representatives of the media may attend meetings of public bodies to observe those bodies as they conduct their public business, and it creates a number of procedural requirements for meetings of public bodies including publication of notice and preparation of minutes. However, some gatherings of members of public bodies are excepted from the Act's provisions. For example, § 84-1410(5), as amended by 2004 Neb. Laws LB 821, § 37, provides:
 The [Open Meetings] act does not apply to chance meetings or to attendance at or travel to conventions or workshops of members of a public body at which there is no meeting of the body then intentionally convened, if there is no vote or other action taken regarding any matter over which the public body has supervision, control, jurisdiction, or advisory power.
(Emphasis added).
Based upon the materials which you provided to us and your representations as to the nature of the Board's workshop on October 28, it appears to us that the workshop fits squarely within the provisions of § 84-1410(5). That is, the gathering of the Board at Mahoney State Park involves attendance at a workshop where there is no meeting of the Board intentionally convened, and it appears that no vote or action will be taken regarding any matter over which the Board has supervision, control, jurisdiction or advisory power. In addition, since you indicated that the Board will not be involved in briefing, discussion of public business, formation of tentative policy, or taking of any action at the workshop, the Board's workshop does not fit within the definition of "meeting" set out in § 84-1409(2). For those various reasons, we believe that the Board's workshop on October 28 is not subject to the Open Meetings Act, and that it is lawful, under that Act, for the Board to proceed in the manner which you have described.
We would also note that we reached the same conclusion with respect to a similar workshop which the Board conducted in 2001. In that instance, we reviewed the propriety of the Board's exclusion of the media from its workshop in response to an Open Meetings complaint.
Sincerely yours,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_______________________________ Attorney General